UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN J. ALEXANDER,<br><br>           Plaintiff,<br><br>    v.<br><br>STEWART, et al.,<br><br>           Defendants. | No. 2:23-cv-0822 CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Having conducted the required screening, the court finds that plaintiff may proceed on the following claims:

1. Use of excessive force in violation of the Eighth Amendment by defendants Catlin, Williams, Bell, Lopez and Hernandez concerning repeated hyperextension of plaintiff's right hand as detailed in paragraphs 18-22 of the complaint.

2. Intentional infliction of emotional distress in violation of California law against the same defendants and based upon the same conduct.

At this point, plaintiff has two options: proceed on the claims identified above or file an amended complaint in an attempt to cure deficiencies with respect to the other claims and defendants identified in the complaint.

If plaintiff chooses to proceed on the claims described above, the court will construe this as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff elects to amend, plaintiff is informed that in order to state a claim upon which plaintiff may proceed, plaintiff cannot be vague as to which actions were taken by which defendants. Often times in the complaint plaintiff refers to defendants collectively rather than specifically indicating who did what. Each defendant has a right to be put on notice as to exactly

what plaintiff alleges he/she did. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Also, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Finally, the court notes that in early October plaintiff requested that this action be stayed. Plaintiff asserted that circumstances at his prison rendered him unable to litigate. It is not clear if such circumstances persist so the motion will be denied without prejudice.

In accordance with the above, IT IS HEREY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on the claims described herein. In the alternative, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claims and defendants.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

/////

/////

/////

5. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

6. Plaintiff's motion for a stay (ECF No. 9) is denied without prejudice.

Dated:  November 20, 2023

*[signature]*

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
alex0822.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN J. ALEXANDER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEWART, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-0822 CKD P<br><br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_  1. Plaintiff wishes to proceed on the following claims:

　　　　A. Use of excessive force in violation of the Eighth Amendment by defendants Catlin, Williams, Bell, Lopez and Hernandez concerning repeated hyperextension of plaintiff's right hand as detailed in paragraphs 18-22 of the complaint; and

　　　　B. Intentional infliction of emotional distress in violation of California law against the same defendants and based upon the same conduct.

\_\_\_\_\_  2. Plaintiff wants time to file a first amended complaint.

DATED:

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

5