1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JULIAN J. ALEXANDER,                    No.  2:23-cv-0822 CKD P

12              Plaintiff,

13        v.                                 ORDER AND

14   STEWART, et al.,                        FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17        Plaintiff is a California prisoner proceeding pro se with and action for violation of civil

18   rights under 42 U.S.C. § 1983.  Plaintiff proceeds on the following claims against employees of

19   the California Department of Corrections and Rehabilitation:

20        1. Use of excessive force in violation of the Eighth Amendment by defendants Catlin,

21   Williams, Bell, and Lopez-Hernandez concerning repeated hyperextension of plaintiff's right

22   hand as detailed in paragraphs 18-22 of the complaint.

23        2. Intentional infliction of emotional distress in violation of California law against the

24   same defendants and based upon the same conduct.

25        The remaining defendants have filed a motion to dismiss which the court addresses below.

26   The court notes after defendants filed their reply to plaintiff's opposition, plaintiff filed what is

27   either a sur-reply or second opposition.  Plaintiff did not obtain leave to file either a sur-reply or

28   second / supplemental opposition and plaintiff does not establish good cause for consideration of

                                              1

the document filed after defendants' reply brief.  Accordingly, that document will be stricken.

1.  <u>Voluntary Withdrawal of Intentional Infliction of Emotional Distress Claim</u>

In his opposition to defendants' motion to dismiss, plaintiff withdraws his intentional infliction of emotional distress claim.  Accordingly, that claim is dismissed under Rule 41(a) of the Federal Rules of Civil Procedure.

2.  <u>Eighth Amendment Claim</u>

In his complaint, plaintiff alleges as follows:

1.  During the relevant time frame, plaintiff was housed at California State Prison, Sacramento and the defendants were employed there as correctional officers.

2.  On January 5, 2022, plaintiff was ordered to exit his cell, but refused.

3.  Defendants were part of the team that forcibly removed plaintiff from his cell.   The extraction team assignments were defendant Williams on shield, Bell on baton, Catlin on hand restraints, and Lopez-Hernandez on leg restraints.  Plaintiff resisted the cell extraction and eventually ended up outside of the cell on his stomach, being restrained by defendants.  At this point, plaintiff signaled and repeated a verbal surrender.

4.  After about 15 seconds with defendants still restraining plaintiff, one of defendants, believed by plaintiff to be defendant Catlin because of his extraction team assignment, repeatedly hyper extended plaintiff's right hand stopping and then restarting the hyper extension.  Plaintiff yelled in pain and indicated his hand was about to he broken.  In response plaintiff was told to "shut the fuck up."

5.  The hyper extension of plaintiff' right hand caused extreme pain.  Plaintiff also asserts he has suffered numbness and nerve damage.

Defendants assert plaintiff's allegations do not state a claim for relief under the Eighth Amendment for excessive use of force.  The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain."  <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-

1    faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

2    Hudson v. McMillan, 503 U.S. 1, 7 (1992).

3            When considering whether a complaint states a claim upon which relief can be granted,

4    the court must accept the complaint allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94

5    (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

6    Rhodes, 416 U.S. 232, 236 (1974).

7            Defendants assert plaintiff does not state a claim for excessive force by presenting

8    allegations that only one unidentified officer used force against him.  That misconstrues the

9    allegations.  Plaintiff indicates a belief that the person who repeatedly hyper extended his hand

10   was defendant Catlin, based upon his extraction team assignment, as the other named defendants

11   held plaintiff down.  In order to avoid dismissal for failure to state a claim a complaint must

12   contain more than "naked assertions."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557

13   (2007).  "[C]onclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

14   A plaintiff must plead "factual content that allows the court to draw the reasonable inference that

15   the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  The court finds

16   plaintiff's allegations meet these pleading standards and defendants fail to point to any case law

17   suggesting otherwise.

18           Defendants also argue there was no use of excessive force in light of the context in which

19   force was used, and the amount of force used.  The court disagrees.  Construing the allegations in

20   the light most favorable to plaintiff, defendant Catlin repeatedly inflicted extreme pain upon

21   plaintiff at a point when plaintiff was no longer resisting as the other defendants assisted in Catlin

22   doing so by holding plaintiff in place.

23           For all of the foregoing reasons, the court will recommend that defendants' motion to

24   dismiss as to plaintiff's remaining Eighth Amendment claim be denied and that the remaining

25   defendants be ordered to file an answer.

26           In accordance with the above, IT IS HEREBY ORDERED that:

27           1.  Defendants' October 18, 2024, motion to strike (ECF No. 40) is granted;

28           2.  The document filed by plaintiff on October 7, 2024 (ECF No. 39) is stricken.

3

3.  Plaintiff's remaining intentional infliction of emotional distress claim is deemed voluntarily dismissed under Rule 41(a) of the Federal Rules of Civil Procedure.

4.  The Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1.  Defendants' motion to dismiss (ECF No. 27) be denied; and

2.  Defendants be ordered to file an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 12, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
alex0822.mtd

4